# EXHIBIT "1"



**Professional Document Services, Inc.**

October 14, 2014

Client#: BARBOSALAW

BARBOSA GROUP
16531 BOLSA CHICA STREET, SUITE 205
HUNTINGTON BEACH, CA 92649
Attn: PATRICIA BARBOSA, ESQ.
Phone:

Case Name: Christie Rudder                                   Order#:     S63775-02
        vs:   Mapton Inn-Norco

Records Pertaining To:      Christie Rudder aka Christine Rudder aka Christy Rudder

Dear Counsel:

We have been contracted by the opposing law firm to obtain records. If you would like a copy of these records pertaining to the above mentioned case, please follow these simple steps:
(A) Please indicate by putting a check next to the specific records that you wish to obtain copies of.

    ( ) 01 INTEGRATIVE MEDICAL GROUP OF IRVINE DR. NANCY J. COUNCELBAUM
    ( ) 02 LEGACY EMANUEL MEDICAL CENTER

(B) Attach a check payable to ProDoc, in the amount of $75.00 for each item you indicated above. (One item is $75.00,  2 items are $150.00 and 3 items are $225.00  and so on. Records will be sent at no additional charge if page count does not exceed 100 pages. Every page after the limit will be charged 50 cents per page plus taxes upon completion of the order. Sign the authorization at the bottom of this form. Please note that we will not be able to process the request until the payment has been received. Payment is NON-REFUNDABLE.
(C) Records that include additional items are available for purchase:
Xrays=$20; Color Copies=$1.95; Bates Stamping=$0.08; Oversize Copies=Quote; Audio/Video Tapes=$25; CD's=$10 (Price subject to change)
(D) Mail the check along with this completed form, in the enclosed self addressed envelope, to
    the following address:
        ProDoc
        875 Patriot Drive, Suite D
        Moorpark, CA 93021

ProDoc sincerely appreciates the opportunity to work with you and your firm. We will contact you shortly to ensure that you have received this notice and to answer any questions you may have. If you need any assistance in the meantime please contact us at blueforms@prodoccopy.com

Records Requested by:
    WILLIS DEPASQUALE, LLP
    725 W. TOWN & COUNTRY RD, STE 550
    ORANGE, CA 92868                            File or Claim #: 450.0140002

                                    _____
                                    Authorized Signature

                                    _____
                                    Print Name
                                    Date: _____

                                    Email : _____

                                    ( ) Yes, I will waive time but I do not want records
                                    Initials:_____

ASM722/S63775-02



PROOF OF SERVICE BY HAND DELIVERY

I am a resident of the State of California, County of Ventura. I am over the age of eighteen years and not a party to the entitled action; my business address is 875 Patriot Drive, Suite, D, Moorpark, CA 93021.

On October 15, 2014 I served this Notice of Taking Deposition (if applicable)/Notice to Consumer (if applicable) along with the Subpoena and Affidavit in Support of Issuance (if applicable) on the attorneys for all appearing parties in said action, by placing a true copy thereof enclosed in a sealed envelope; with postage thereon fully prepaid, in the United States mail at Moorpark, California, addressed as follows:

BARBOSA GROUP
PATRICIA BARBOSA, ESQ.
16531 BOLSA CHICA STREET, SUITE 205
HUNTINGTON BEACH, CA 92649

LITTLER MENDELSON, PC
IAN WADE, ESQ.
2049 CENTURY PARK EAST, 5TH FLOOR
LOS ANGELES, CA 90067

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 15, 2014 at Moorpark, California.

Signed _____

Order#: S63775-01

ASM706/S63775-01

# United States District Court
for the
CENTRAL DISTRICT/EASTERN DIVISION of

| | |
|---|---|
| **Christie Rudder** <br> *Plaintiff* <br> v. <br> **Mapton Inn-Norco** <br> DEFENDANT | Civil Action No. ED CV 14-00277 JGB SPX <br><br> (If the action is pending in another district, state where:) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES

TO: **INTEGRATIVE MEDICAL GROUP OF IRVINE DR. NANCY J. COUNCELBAUM**
**4968 BOOTH CIRCLE, SUITE 101**
**IRVINE, CA 92604**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
**SEE ATTACHMENT**

| Place: <br> **Professional Document Services, Inc.** <br> **875 Patriot Drive Suite D, Moorpark CA 93021** | Phone: (805) 823-8900 | Date and Time: <br> **11/5/2014 10:00:00** |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: October 09, 2014

| *CLERK OF COURT* | OR | /s/ COLRENA K. JOHNSON, ESQ. |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Defendant , who issues or requests this subpoena, are:
COLRENA K. JOHNSON, ESQ.
WILLIS DEPASQUALE, LLP
725 W. TOWN & COUNTRY RD, STE 550, ORANGE, CA 92868
((71) 4) -544- x 6000

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. ED CV 14-00277 JGB SPX

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* **INTEGRATIVE MEDICAL GROUP OF IRVINE**
was received by me on *(date)* **10/09/2014**

☐ I personally served the subpoena on the individual at **4968 BOOTH CIRCLE, SUITE 101, IRVINE, CA 92604** on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* , a person of suitable age and discretion who resides there, on *(date)* , and mailed a copy to the individual's last known address; or

☒ I served the subpoena to _____ , who is designated by law to accept service of process on behalf of **INTEGRATIVE MEDICAL GROUP OF IRVINE** on _____ ; or

☐ I returned the subpoena unexecuted because ; or

☐ other *(specify)*:


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's Address

Additional information regarding attempted service, etc:

**Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/207)**

**(c) Protection of persons subject to subpoena.**
 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction ◆ which may include lost earnings and reasonable attorney's fees ◆ on a party or attorney who fails to comply.
 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises ◆ or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person ◆ except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**
 **(1)** *Producing Documents or Electronically Stored Information.*
 These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

CPROOF29/S63775

# IN THE COURT OF THE STATE OF CALIFORNIA
## COUNTY OF

WILLIS DEPASQUALE, LLP
COLRENA K. JOHNSON, ESQ.
725 W. TOWN & COUNTRY RD, STE 550
ORANGE, CA 92868
Attorney for: Defendant

Christie Rudder
    Plaintiff
vs

Mapton Inn-Norco
    Defendant

Case Number: ED CV 14-00277 JGB SPX

**NOTICE TO CONSUMER IN** COMPLIANCE WITH CCP 1985.3

TO THE CONSUMER in the above entitled action:

**Christie Rudder aka Christine Rudder aka Christy Rudder**

Records concerning you are being sought from the following location:

**INTEGRATIVE MEDICAL GROUP OF IRVINE, DR. NANCY J. COUNCELBAUM
4968 BOOTH CIRCLE, SUITE 101
IRVINE, CA 92604**

If you object to the witness furnishing the records to the party seeking the records, you must file papers with the court prior to the date specified for production **November 05, 2014.** If the party who is seeking the records will not agree in writing to cancel or limit the subpoena, an attorney should be consulted about your interest in protecting the right of privacy.

The records to be produced by the witness are described as follows:

**SEE ATTACHMENT**

I certify that the signature on the proof of service by mail accompanying the original hereof attests to compliance with the Code of Civil Procedure 1985.3 (B) (1) in giving constructive notice to the consumer.

Dated: October 14, 2014

/S/    COLRENA K. JOHNSON, ESQ.

Order#: S63775-01/CPROOF17



# PROOF OF SERVICE BY HAND DELIVERY

I am a resident of the State of California, County of Ventura. I am over the age of eighteen years and not a party to the entitled action; my business address is 875 Patriot Drive, Suite, D, Moorpark, CA 93021.

On October 15, 2014 I served this Notice of Taking Deposition (if applicable)/Notice to Consumer (if applicable) along with the Subpoena and Affidavit in Support of Issuance (if applicable) on the attorneys for all appearing parties in said action, by placing a true copy thereof enclosed in a sealed envelope; with postage thereon fully prepaid, in the United States mail at Moorpark, California, addressed as follows:

BARBOSA GROUP
PATRICIA BARBOSA, ESQ.
16531 BOLSA CHICA STREET, SUITE 205
HUNTINGTON BEACH, CA 92649

LITTLER MENDELSON, PC
IAN WADE, ESQ.
2049 CENTURY PARK EAST, 5TH FLOOR
LOS ANGELES, CA 90067

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 15, 2014 at Moorpark, California.

Signed _____

Order#: S63775-02

ASM706/S63775-02

# United States District Court
for the
CENTRAL DISTRICT/EASTERN DIVISION of

| | |
|---|---|
| **Christie Rudder** <br> Plaintiff <br> v. <br> **Mapton Inn-Norco** <br> DEFENDANT | Civil Action No. ED CV 14-00277 JGB SPX <br><br> (If the action is pending in another district, state where:) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES

TO: **LEGACY EMANUEL MEDICAL CENTER**
**P.O. BOX 2868**
**PORTLAND, OR**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
**SEE ATTACHMENT**

| Place: <br> **Professional Document Services, Inc.** <br> **875 Patriot Drive Suite D, Moorpark CA 93021** | Phone: (805) 823-8900 | Date and Time: <br> **11/5/2014 10:00:00** |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: **October 09, 2014**

CLERK OF COURT

OR

_____    /s/ **COLRENA K. JOHNSON, ESQ.**
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Defendant, who issues or requests this subpoena, are:
COLRENA K. JOHNSON, ESQ.
WILLIS DEPASQUALE, LLP
725 W. TOWN & COUNTRY RD, STE 550, ORANGE, CA 92868
((71) 4) -544- x 6000

*Server's Address*

Additional information regarding attempted service, etc:

(Case Red 00/14 - Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2))

### Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/207)

**(c) Protection of persons subject to subpoena.**
 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction ◆ which may include lost earnings and reasonable attorney's fees ◆ on a party or attorney who fails to comply.
 *(2) Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises ◆ or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 *(3) Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person ◆ except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**
 *(1) Producing Documents or Electronically Stored Information.*
 These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 *(2) Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE COURT OF THE STATE OF CALIFORNIA
COUNTY OF

WILLIS DEPASQUALE, LLP
COLRENA K. JOHNSON, ESQ.
725 W. TOWN & COUNTRY RD, STE 550
ORANGE, CA 92868
Attorney for:     Defendant

| | |
|---|---|
| Christie Rudder<br>    Plaintiff<br>vs<br>Mapton Inn-Norco<br>    Defendant | Case Number: ED CV 14-00277 JGB SPX<br><br>**NOTICE TO CONSUMER IN** COMPLIANCE WITH CCP 1985.3 |

TO THE CONSUMER in the above entitled action:

**Christie Rudder aka Christine Rudder aka Christy Rudder**

Records concerning you are being sought from the following location:

**LEGACY EMANUEL MEDICAL CENTER
P.O. BOX 2868
PORTLAND, OR**

If you object to the witness furnishing the records to the party seeking the records, you must file papers with the court prior to the date specified for production **November 05, 2014.** If the party who is seeking the records will not agree in writing to cancel or limit the subpoena, an attorney should be consulted about your interest in protecting the right of privacy.

The records to be produced by the witness are described as follows:

**SEE ATTACHMENT**

I certify that the signature on the proof of service by mail accompanying the original hereof attests to compliance with the Code of Civil Procedure 1985.3 (B) (1) in giving constructive notice to the consumer.

Dated:  October 14, 2014

/S/     COLRENA K. JOHNSON, ESQ.

Order#:  S63775-02/CPROOF17