JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 14-00277 JGB (SPx)** | Date | May 18, 2015 |
|---|---|---|---|
| Title | *Christie Rudder v. Hampton Inn – Norco, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):       Attorney(s) Present for Defendant(s):

None Present                   None Present

**Proceedings:**   Order: (1) DISMISSING Plaintiff's Complaint (Doc. No. 1) WITHOUT PREJUDICE (IN CHAMBERS)

On April 30, 2015, the Court ordered Plaintiff to show cause why her suit should not be dismissed for lack of jurisdiction, as only her state law claims remain in the case. ((Doc. No. 77.) Plaintiff filed her response on May 8, 2015. (Doc. No. 78.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the response, as well as Defendant's opposition, the Court DISMISSES the Complaint (Doc. No. 1) WITHOUT PREJUDICE.

## I. BACKGROUND

On February 12, 2014, Plaintiff Christine Rudder ("Plaintiff") filed a Complaint against Defendant MPJ Desai Inc., dba Hampton Inn – Norco ("Defendant") for disability discrimination in violation of the Americans with Disabilities Act ("ADA") as well as California Health and Safety Code § 19955 et seq. and the Unruh Civil Rights Act ("Unruh Act"), California Civil Code § 51 et seq. (Compl. ¶¶ 37-56, Doc. No. 1.) Plaintiff alleges that she stayed at the Hampton Inn-Norco (the "Inn") for two nights in September 2013. (Id. ¶ 13.) She alleges that during her stay, she encountered numerous accessibility barriers and discriminatory policies. (Id. ¶ 13.) These barriers included, among others: an insufficient number of accessible parking spaces, an inaccessible path of travel from the designated parking spaces to the Inn's entrance, registration counters in the lobby that were too high for wheelchair users, and no tables in the dining room with wheelchair access. (Id. ¶ 33.) Plaintiff also alleges she suffered injury when an improperly-installed bath tub bench collapsed while she was bathing herself. (Id. ¶¶ 23-26.)

In March 2015, Plaintiff and Defendant filed cross motions for summary judgment. (Doc. Nos. 63, 64.) On April 20, 2015, Defendant filed its reply in support of its motion. ("Reply," Doc. No. 76.) The final page of the Reply made a significant revelation: Defendant sold the Inn on April 9, 2015, and no longer owned or retained any interest in it. (Motion at 11; Declaration of Mahendra Desai ("M. Desai Decl."), Doc. No. 76-1, ¶¶ 6-9.)

The sale of the hotel mooted Plaintiff's ADA claim against Defendant, as Defendant cannot remedy any alleged barriers because it no longer owns or controls the Inn.[1] Without the ADA claim, only Plaintiff's state law claims under California Health & Safety Code §§ 19555 et seq. and the Unruh Act remain in the case. (See Compl. ¶¶ 37-56.) The Court therefore ordered Plaintiff to show cause why her remaining state law claims should not be dismissed. ("OSC," Doc. No. 77.) Plaintiff filed her Response to the OSC on May 8, 2015. ("Response," Doc. No. 78.) Defendant filed an Opposition to the Response on May 15, 2015. ("Opp'n," Doc. No. 79.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 1367(c)(3), the court has discretion to dismiss state law claims when it has dismissed all of a plaintiff's federal claims. Factors for the court to consider in deciding whether to dismiss supplemental state claims include economy, convenience, fairness, and comity. Imagineering, Inc. v. Kiewit Pacific Co., 976 F.2d 1303, 1309 (9th Cir. 1992) "[I]n the usual case in which federal law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state law claims." Reynolds v. County of San Diego, 84 F.3d 1162, 1171 (9th Cir. 1996) overruled on other grounds by Acri v. Varian Assoc.'s, Inc., 114 F.3d 999, 1000 (9th Cir. 1997).

## III. DISCUSSION

The Court first addresses a threshold issue. The OSC gave Plaintiff leave to "present argument, if any exists, as to why her [ADA] claim should not be dismissed as moot." (OSC at 2, fn 1.) Plaintiff's Response does not present any argument on this point; to be sure, it was very unlikely that any cognizable argument existed, as Defendant's sale of the Inn effectively mooted Plaintiff's ADA claim. Accordingly, the Court DISMISSES Plaintiff's ADA claim.

---

[1] The Ninth Circuit has held that only a current owner, lessee, lessor, or operator of a noncompliant public accommodation can be liable under the ADA for alleged accessibility barriers. Lonberg v. Sanborn Theaters Inc., 259 F.3d 1029, 1036, as amended on denial of reh'g and reh'g en banc, 271 F.3d 953 (9th Cir. 2001) (holding that an architect who violated the ADA's design and construction provisions but did not have control of the building at the time of the lawsuit could not be held liable for such violations). The court reasoned that, because the ADA actions are limited to injunctive relief, such relief can be "meaningful" only "against the person currently in control of the building." Id. Otherwise, if ADA claims could only be brought against the person or entity that committed the violations at issue but that no longer has control of the facility, then the ADA "would create liability in persons against whom there is no meaningful remedy provided by the statute." Id.

Thus, the question becomes whether the Court should exercise supplemental jurisdiction over Plaintiff's remaining state law claims. As explained below, the Court concludes that this is not the unusual case in which it should retain jurisdiction; in fact, the complexity of the state-law issues at play strongly militate in favor of dismissal.

When the "state issues apparently predominate and all federal claims are dismissed before trial, the *proper* exercise of discretion requires dismissal of the state claim." Wren v. Sletten Const. Co., 654 F.2d 529, 536 (9th Cir. 1981). Since in the usual case where federal claims are eliminated before trial, the balance of factors will point towards dismissal, the Court should dismiss where Plaintiff does not show "that her case is in any way unusual." See Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994).

Federal courts routinely dismiss disability discrimination cases where only state law claims remain. For example, in Wander v. Kaus, 204 F.3d 856 (9th Cir. 2002), the district court declined to exercise supplemental jurisdiction following the mooting of the plaintiff's ADA claims by a transfer of ownership. 304 F.3d at 858. The Ninth Circuit upheld that decision. Id. at 860; see also Pickern v. Best W. Timber Cove Lodge Marina Resort, 194 F. Supp. 2d 1128, 1133 (E.D. Cal. 2002) (dismissing state law claims, stating "while the court recognizes that litigation of a new suit in a state court may create some inconvenience to plaintiff, plaintiff has made no showing of extraordinary or unusual circumstances.").

Furthermore, upon reviewing the Imagineering factors of "economy, convenience, fairness, and comity," the Court finds that it should not exercise supplemental jurisdiction over Plaintiff's state law claims.

Most importantly, while Unruh Act claims generally hinge on the ADA, this is a unique case. Plaintiff seeks damages flowing from a fall she sustained that was allegedly caused by the improper installation of a bath tub bench by one of the Inn's employees. (Compl. ¶¶ 23-26; Prayer for Relief.) In other words, Plaintiff's alleged damages raise a knotty question of state law: whether a disabled person may sue under the Unruh Act for personal-injury damages that she alleges "arise out" of a business's failure to provide readily accessible facilities. The damages issue here is wholly different than the normal Unruh Act claim; generally, plaintiffs only seek the $4,000 penalty available under the statute. See Cal. Civ. Code § 52(a). Resolving this significant issue of California state law more appropriately falls within the province of the state court. See Washington State Republican Party v. Washington State Grange, 676 F.3d 784, 797 (9th Cir. 2012) (agreeing that district court generally should not exercise supplemental jurisdiction when the claim raises "a novel or complex issue of state law" (citing 28 U.S.C. § 1367(c)(1)).); see also Younger v. Harris, 401 U.S. 37, 44 (1971) ("the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways."). Thus, the Court finds that the comity factor weighs strongly in favor of declining to exercise supplemental jurisdiction here.

Consideration of the other factors does not alter the conclusion. First, "judicial economy, the essential policy behind the modern doctrine of pendent jurisdiction . . . supports the retention of pendent jurisdiction in any case where substantial judicial resources have already been committed." Schneider v. TRW, Inc., 938 F.2d 986, 994 (9th Cir. 1991.) (quoting Graf v. Elgin,

J. & E. Ry., 790 F.2d 1341, 1347–48 (7th Cir. 1986).  This is not such case.  The Court has not expended significant energy on this case.  There were no pleadings challenges and limited discovery disputes.  On the other hand, there is significant work ahead, including cross motions for summary judgment, the possible addition of a new party (which would likely require re-opening discovery), pre-trial filings, and the trial itself.  In short, the bulk of the case appears through the windshield, not in the rear-view mirror.

As to convenience, neither side argues that litigating in state court would cause a problem. Finally, although the Court realizes that refiling the case in state court will entail some duplication of effort, it is not so much as to cause unfairness. Plaintiff is now in possession of significant amounts of discovery, and already has the template for her (and Defendant's) motion for summary judgment. Plaintiff suggests that dismissal would be unfair because Defendant "sought to dismiss this case by selling the Inn at the last minute before trial."  (Response at 8.)  However, the documents filed by Defendant suggest the sale of the Inn was contemplated well before Plaintiff even brought suit.  (See Doc. Nos. 76-1, 76-2.)

Accordingly, the Court finds it should not exercise supplemental jurisdiction over Plaintiff's remaining state law claims.[2]  The Court therefore DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint.

### IV. CONCLUSION

For the foregoing reasons, the Court DISMISSES Plaintiff's Complaint WITHOUT PREJUDICE to re-filing in California state court.

**IT IS SO ORDERED.**

---

[2] Plaintiff makes a statement in passing that "she will seek to add the new Inn owners to remove access barriers."  (Response at 6.)  She does not elaborate on this further.  However, even if she were to amend her Complaint, the Court would still not exercise supplemental jurisdiction as to Defendant, as the state law claims against it raise a novel or complex issue of state law, as previously discussed.  See 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if (1) the claim raises a novel or complex issue of State law . . .").